UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-7108 MWF (PVC)                                     Date:  September 16, 2025

Title   Juan Villegas v. Joseph Tuggle, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|     Marlene Ramirez     |     None     |
|-------------------------|--------------|
|     Deputy Clerk        | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|-----------------------------------|-----------------------------------|
| None                              | None                              |

**PROCEEDINGS:   [IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE**

On June 10, 2025, Juan Villegas (Petitioner), a California state prisoner proceeding pro se, constructive filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1).[1] Petitioner is challenging his 2013 conviction after a jury found him guilty of attempted murder in Los Angeles County case number BA402808, for which he was sentenced to 30 years to life. (*Id.* at 2). Petitioner is asserting three grounds for federal habeas relief: (1) the attempted murder conviction violated Petitioner's constitutional rights; (2) ineffective assistance of appellate counsel; and (3) ineffective assistance of trial counsel. (*Id.* at 5–6). However, the Petition appears to be successive.

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Here, the Court uses the date Petition was signed. (Pet. at 8).

For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-7108 MWF (PVC)                              Date:  September 16, 2025

Title          Juan Villegas v. Joseph Tuggle, Warden

### Prohibition on Successive Petitions

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  Under AEDPA, a petition is considered "successive" if it challenges "the same custody imposed by the same judgment of a state court" as a prior petition.  *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam).  AEDPA prohibits the filing of a second or successive petition in district courts unless the petitioner first obtains permission from the appropriate court of appeals.  *See* 28 U.S.C. § 2244(a)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *accord Burton*, 549 U.S. at 152–53.  "If [a] prisoner asserts a claim [in a successive petition] that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases.  And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions."  *Tyler v. Cain*, 533 U.S. 656, 661 (2001).  However, "[e]ven if a petitioner can demonstrate that he qualifies for one of these exceptions, he must [still] seek authorization from the court of appeals before filing his new petition with the district court."  *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008).

    The instant Petition challenges the same 2013 conviction sentence that Petitioner previously challenged in a habeas petition filed in this Court in January 2017.  *See Juan Villegas v. Ramon Madden, Warden*, No. CV 17-0129 MWF (FFM) (C.D. Cal. filed Jan. 6, 2017) ("Prior Petition," Dkt. No. 1).  The Prior Petition was denied in September 2017.  *See id.* (Dkt. Nos. 17 [Report and Recommendation], 21 [Order Accepting Report and Recommendation of Magistrate Judge], 22 [Judgment dismissing Prior Petition, entered on September 13, 2017]).

    Because the instant Petition is the second habeas petition that Petitioner has filed in this Court challenging the same 2013 conviction and sentence, the Petition appears to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-7108 MWF (PVC)                                     Date:  September 16, 2025

Title        Juan Villegas v. Joseph Tuggle, Warden

be successive.   Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate any challenge arising from that conviction.  28 U.S.C. § 2244(b)(3)(A).  Based on the Court's review of the Ninth Circuit's docket, Petitioner has neither requested nor received permission from the Ninth Circuit to file the Petition. Accordingly, the Court appears to lack jurisdiction to adjudicate the instant Petition.  *See Burton*, 549 U.S. at 157.[2]

### Conclusion and Order

Petitioner therefore is ORDERED TO SHOW CAUSE, within **28 days** of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive.  Petitioner may satisfy this Order to Show Cause by filing a response or declaration setting forth any reason the instant Petition is not barred as successive.  After the Court receives a response to the Order to Show Cause, it may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which provides that

---

[2] The Petition also appears to be untimely.  A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." *Id*.  The Court previously found that Petitioner failed to file his federal habeas petition within one year of the date on which the AEDPA's one-year limitations period began to run and that neither statutory nor equitable tolling brought the petition within the limitations period.  *See* Prior Petition (Dkt. No. 17 (R&R) at 12).  Any subsequent state court habeas petitions filed in connection with the instant Petition does not alter the Court's prior untimeliness finding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 25-7108 MWF (PVC)                           Date:  September 16, 2025

Title        Juan Villegas v. Joseph Tuggle, Warden

"[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Petitioner is expressly warned that the failure to timely file a response to this Order will provide a ground for a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |